

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jack Wiech
County Attorney
Cameron County
Brownsville, Texas

Dear Mr. Wiech:

Opinion No. O-3781

Re: Whether or not membership on a joint board of equalization serving overlapping taxing units — a city and independent school district and a navigation district — constitutes the holding or exercising at the same time of more than one civil office of emolument.

This will acknowledge receipt of your letter of inquiry of date June 16, 1941, as follows:

"The question has been raised by the governing bodies of the Brownsville Navigation District, the Brownsville Independent School District and the City of Brownsville as to whether or not they may appoint three persons to serve as a joint board of equalization for the three taxing units. The City of Brownsville is entirely within the Brownsville Independent School District which is entirely within the bounds of the Brownsville Navigation District. It is proposed that three persons possessing the qualifications required of members of the boards of equalization of each of these three units be appointed by the governing bodies of said units to serve the same as a joint equalization board, and that each of the three members of such board receive as compensation for such services not more than the amount he could be paid for serving on a board

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Jack Wieoh, page 2

of equalization of any one of said units, such
compensation to be fixed and borne pro rata by
the three taxing units.

"This proposal involves the construction of
Article 16, Section 40, of the Constitution of
Texas, which provides that, with certain exep-
tions, no person shall hold at the same time
more than one civil office of emolument, and the
rule at common law that the same person cannot
hold or exercise two incompatible offices.

"Your opinion is respectfully requested on
the following questions, to-wit:

"1. Would membership on a joint board of
equalization serving two or more such overlapping
taxing units constitute the holding or exercising
at the same time of more than one civil office of
emolument where each member of such board received
only such compensation as he might be allowed for
serving on the equalization board of any one of such
units?

"2. Would membership on a joint board of
equalization serving two or more such overlapping
taxing units constitute the holding or exercising
of incompatible offices?

"In the event it is your opinion that the
first question should be answered in the affirmative,
your opinion on the second question will not be
necessary."

"* * *."

From the preliminary statement in your letter, we
take it to be that the members of the Board of Equalization for
each of the respective taxing districts hold offices of emolu-
ment within the provisions of Section 40, Article XVI of the
Constitution, from which it would follow as of course no per-
son could hold membership in more than one of the boards of
equalization.

However, the real question presented by your in-
quiry is not that of dual office holding, under Section 40, but
rather it is the question of whether or not the law authorizes
the creation of a board of equalization, whose duties pertain
to the equalization of the values of property for the three
taxing units mentioned.

Honorable Jack Wiech, page 3

Taxing units, such as you mention, are creatures of the statute, and possess just such powers as are conferred upon them by law and none other. The law expressly authorizes the creation of boards of equalization for each such respective taxing unit, and defines the duties of such boards. Those duties pertain to the affairs of the particular unit which they serve. There is no statute authorizing the creation of a board of equalization with powers in respect to property in any municipality or district other than the one creating the board—extra territorial powers. Such a provision in the law might be a wise one from the standpoint of economy and uniformity in valuation of property, but we are not concerned with that question. We are concerned only with interpreting the law as it is written.

In Opinion No. O-3178 we held that it would be legal for the board of equalization for a city and the board of equalization of an independent school district whose boundaries coincide with those of the city to sit at the same time and place — not as a joint board of organic union, but for joint collaboration in the consideration of values of property common to the two districts but rendering separate reports to their respective units or creators. Such a plan would serve in part at least the end sought by the methods proposed in your inquiry without violating any fundamental or other law.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

Cole Spear
Assistant

OS-nw

APPROVED JUN 26, 1941.

Glenn R. Lewis

Acting ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN